Joselito Alaura CABALICAN,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–70905.

United States Court of Appeals,
Ninth Circuit.

Submitted July 25, 2006.*

Filed July 27, 2006.

Deborah K. Burlinski, Esq., Burlinksi Law Office, LLC, Anchorage, AK, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Robbin K. Blaya, Esq., San Francisco, CA, Earle B. Wilson, Esq., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Joselito Alaura Cabalican, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") removal order. We deny the petition for review in part and dismiss it in part.

■ The IJ did not abuse his discretion in admitting the marriage contract document, as it was "authenticated through [a] recognized procedure." *Villegas–Valenzuela v. INS,* 103 F.3d 805, 812 (9th Cir. 1996). The marriage contract was authenticated by the United States Consular Services in Manila and its admission was "fundamentally fair." *Baliza v. INS,* 709 F.2d 1231, 1233 (9th Cir.1983).

■ Reviewing "whether substantial evidence supports a finding by clear and convincing evidence" that Cabalican is removable, *Nakamoto v. Ashcroft,* 363 F.3d 874, 882 (9th Cir.2004), we conclude that the BIA's decision, which adopted that of the IJ, is supported by substantial evidence. There are sufficient inconsistencies in Cabalican's testimony and that of his witnesses to justify a reasonable factfinder's determination that his explanation of the marriage contract is not credible. To give but one example, the testimony was not consistent about when the allegedly counterfeit marriage contract was obtained. This timing is significant in light of Cabalican's asserted reason that the document was procured—to make it appear that some of his children are legitimate.

■ We also agree with the BIA that the IJ's questioning during the removal hearing did not violate Cabalican's due process rights. *See Almaghzar v. Gonzales,* 450 F.3d 415, 422 (9th Cir.2006).

■ We lack jurisdiction to review Cabalican's claim that he was wrongly denied voluntary departure. *See* 8 U.S.C. § 1229c(f); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

